UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID HICE, JOSEPH MOORE and CHRISTINA BARLOW, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) Case No. 2:24-cv-896-WSH ) ) |
| v. | ) ) |
| EQT CORPORATION, et al., | ) ) |
| Defendants. | ) ) |

## PROPOSED ORDER

The Court, having considered Defendants EQT Corporation and EQT Production Company's (collectively, "EQT") Motion for Contempt and to Strike Expert Reports, Plaintiffs' Opposition and EQT's Reply, hereby GRANTS EQT's Motion.

The Court finds that Plaintiffs are in contempt of this Court's November 15, 2024 Order, ECF No. 56. The Court further finds that Plaintiffs are in violation of Rule 26 of the Federal Rules of Civil Procedure ("Rule 26"). *See* Fed. R. Civ. P. 26(a)(2)(B). The Court accordingly ORDERS as follows:

1. **By December 13, 2024**, Plaintiffs must produce to EQT, in fully unredacted form, all water sampling data underlying the "Brief [S]ummary of New Freeport Frackout Sampling" submitted by John Stolz (the "Stolz Preliminary Report") on behalf of Plaintiffs at ECF No. 59. Plaintiffs may produce such fully unredacted data to EQT either by: (a) filing it under seal pursuant to this Court's November 15 Order and simultaneously providing EQT with a copy of the same; or (b) producing it in accordance with the terms of the Stipulated Protective Order entered contemporaneously herewith pursuant to Rule 26(c). In either case, Plaintiffs' production of such fully unredacted data, and EQT's use of the same, will be subject to the protections set forth in the November 15 Order or the Stipulated Protective Order, as applicable.

2. If Plaintiffs fail to produce the underlying data pursuant to Section 1 above, the Court hereby ORDERS as follows:

    a. The Stolz Preliminary Report will be stricken in its entirety and shall not be considered as part of Plaintiffs' Motion for Preliminary Injunction; and

    b. The portions of the "Preliminary Investigative Report" submitted by Josh Hickman (the "Hickman Preliminary Report") on behalf of Plaintiffs at ECF No. 55, Ex. 1, Ex. B that rely on the data, analysis and conclusions of the Stolz Preliminary Report—specifically, the portions of Sections I, V and VI of the Hickman Preliminary Report—will be stricken and shall not be considered as part of Plaintiffs' Motion for Preliminary Injunction.

3. EQT shall have until **January 13, 2025** to file a Sur-Reply in response to Plaintiffs' Reply Brief in Support of their Motion for Preliminary Injunction, ECF No. 54.

**IT IS SO ORDERED**.

 

                                                                                                                                                       _____
                                                                                                                                                       W. Scott Hardy
                                                                                                                                                       United States District Judge