# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HICE, JOSEPH MOORE and CHRISTINA BARLOW, individually, and on behalf of all others similarly situated, | ) ) ) ) | Case No. 2:24-cv-896-WSH |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| EQT CORPORATION, a Pennsylvania corporation, EQT PRODUCTION COMPANY, a Pennsylvania corporation, BEUSA HOLDINGS, INC., a Delaware corporation, BEUSA ENERGY, LLC, a Delaware limited liability company, and EVOLUTION WELL SERVICES OPERATING, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the following Protective Order:

## I.     PROCEEDINGS AND INFORMATION GOVERNED

1.      This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information, or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given, or filed in this action that are designated by a party as "Confidential Information," or "Confidential Attorney Eyes Only Information" (collectively, "Protected Information") in accordance with the terms of this Order, as

well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

## II.   DESIGNATION AND MAINTENANCE OF INFORMATION

2.   For purposes of this Protective Order:

   a.   The "Confidential Information" designation shall mean that the document is comprised of trade secrets, commercial information which is not publicly known and is of technical or commercial advantage to its possessor, personal financial information, medical information, or other information required by law or agreement to be kept confidential.

   b.   The "Confidential Attorney Eyes Only Information" designation shall mean that the document is comprised of Confidential Information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter.

   c.   Protected Information does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.   Protected information may be designated in the following manner:

   a.   Documents and things produced during the course of this litigation with the scope of paragraph 2(a) above may be designated for good cause by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL**

   b.   Documents and things produced during the course of this litigation with the scope of paragraph 2(b) above may be designated for good cause by the producing party as Confidential Attorneys Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY'S EYES ONLY**

   c.   A party may designate information disclosed at a deposition as Protected Information by requesting the reporter to so designate that portion of the

transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have thirty (30) calendar days after the receipt of a deposition transcript to designate, in writing to the other parties and to the court reporter, those portions of the transcript, by page and line number, to be designated as Protected Information. If no such designation is made at the deposition or within such thirty (30) calendar day period (during which period, the entire transcript shall be treated as Confidential Attorneys Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Protected Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

d. It is the responsibility of counsel for each party to maintain materials containing Protected Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

4.      The parties shall avoid overly-broad confidentiality designations and shall designate only those documents and portions of transcripts and expert reports that actually contain the asserted Confidential or Confidential Attorneys Eyes Only Information.

## III.    INADVERTENT FAILURE TO DESIGNATE

5.      The inadvertent failure to designate or withhold any information as Protected Information will not be deemed to waive a later claim as to its confidential nature, or to stop the producing party from designating such information as Protected Information provided that the producing party notifies the recipient(s), in writing and with particularity, within thirty (30) days of the discovery of its failure to designate. The information shall be treated by the receiving party as Protected Information from the time the receiving party is notified in writing of the change in the designation.

## IV.    CHALLENGE TO DESIGNATIONS

6.      A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party

change the designation. The producing party shall then have fourteen (14) days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this fourteen (14) day time frame, and after the conference required under Chamber Practices and Procedures II(C)(1), the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

## V.    DISCLOSURE AND USE OF PROTECTED INFORMATION

7.    Information designated as Protected Information may only be used for purposes of preparation, discovery, trial, and appeal of this action. The provisions of LCvR 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

8.    Information designated as Protected Information may not be disclosed or used outside of this action.

9.    Subject to paragraph 10 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

  a.  The receiving party and employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions;

  b.  In-house counsel for the receiving party;

  c.  Outside counsel for the receiving party;

  d.  Supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, and legal clerks;

  e. Experts of the receiving party, including those working under the direct supervision of such expert witnesses;

  f. Any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and

  g. The Court and its personnel.

10. Subject to paragraph 10 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

  a. In-house counsel for the receiving party;

  b. Outside counsel for the receiving party;

  c. Supporting personnel employed by (a) and (b), such as paralegals, legal secretaries, data entry clerks, and legal clerks;

  d. Experts of the receiving party, including those working under the direct supervision of such expert witnesses;

  e. Any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and

  f. The Court and its personnel.

11. Further, prior to disclosing Protected Information to a receiving party's expert or employees, the receiving party shall provide to the expert(s) or employee(s) a copy of this Protective Order and shall obtain a signed Confidentiality Agreement in the form attached as Exhibit A. Counsel for the receiving party shall maintain, and need not disclose to the producing party, an executed Exhibit A for each expert retained pursuant to Fed. R. Civ. P. 26(b)(4)(D) and for each employee. The parties shall produce an executed Exhibit A for each testifying expert at the same time the party produces the testifying expert's report or expert disclosure.

12.     Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

13.     Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

   a.   the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

   b.   the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

   c.   counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the Court and its personnel, and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of the Protected Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

## VI.    NON-PARTY INFORMATION

14.     If any non-party receives a request or subpoena seeking documents or tangible things and the requested documents or tangible things contain Confidential Information or Confidential Attorney Eyes Only Information, the non-party may designate such material as Confidential Information or Confidential Attorney Eyes Only Information in accordance with this

Protective Order. Non-party discovery materials designated as Confidential Information or Confidential Attorney Eyes Only Information shall be subject to all of the conditions and limitations set forth in this Protective Order. By adhering to these procedures, any non-party desiring to protect its claim of confidentiality submits to the jurisdiction of this Court regarding any proceedings related to the non-party's claim of confidentiality and bears the burden of establishing its claim to confidentiality in such proceedings.

## VII.   FILING DOCUMENTS WITH THE COURT

15.     Pursuant to this Protective Order, whenever a party intends to file Protected Information or other such material with the Court that the party desires be filed under seal, such party shall first file a motion for leave to file such materials under seal. The party filing such motion shall first confer with all other parties as to their consent or opposition, and the motion shall certify that the conferral occurred and state whether each party consents or opposes the motion. All motions to seal any document or proceeding must be filed at least five (5) business days in advance of the filing deadline that pertains to the filing or proceeding sought to be sealed. Such motions must set forth the specific factual and legal basis and necessity for sealing, with particularity as to each item to be sealed, in accordance with prevailing law. Absent exceptional circumstances, any proposed Order must include this language: "This Order may be vacated and sealing lifted for cause shown upon the motion of any party or other person with a recognized interest, or after due notice by the Court upon the Court's own motion."

## VIII.  USE AT TRIAL

16.     This Protective Order shall not itself limit use of Confidential Information or Confidential Attorneys Eyes Only Information at any hearing or trial; however such use may be

subject to further order of the Court as may be reasonably necessary to preserve the confidentiality of the material involved.

## IX.    NO PREJUDICE

17.    Producing or receiving Protected Information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Protected Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

## X.    CONCLUSION OF LITIGATION

18.    Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall take reasonable steps to destroy all materials and documents containing Protected Information, and to certify to the producing party, in writing, such destruction.

## XI.    OTHER PROCEEDINGS

19.    By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's information designated as

Protected Information pursuant to this Protective Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

## XII.    REMEDIES

20.    It is ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

21.    Any party may petition the Court, for good cause shown, in the event such party desires relief from a term or condition of this Order.

22.    All obligations and duties arising under this Protective Order shall survive the termination of this action. The Court retains jurisdiction indefinitely over the Parties and any persons provided access to Protected Information to hear and determine all matters arising from or related to the implementation or interpretation of this Protective Order.

23.    Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

**IT IS SO STIPULATED, through Counsel of Record.**

Hook & Hook PLLC                              Babst, Calland, Clements & Zomnir, P.C.

_____        _____
Joy D. Llaguno, Esquire                      Mark K. Dausch, Esquire
Pa. I.D. #327120                               Pa. I.D. #205621
jllaguno@hooklaw.com                      mdausch@babstcalland.com

9

430 East Oakview Drive, Suite 101
Waynesburg, PA 15370
(724) 824-3302 – Phone
*Counsel for Plaintiffs*

James V. Corbelli, Esquire
Pa. I.D. #56671
jcorbelli@babstcalland.com
Carla M. Castello, Esquire
Pa. I.D. #326808
ccastello@babstcalland.com
Andrew C. DeGory, Esquire
Pa. I.D. #327838
adegory@babstcalland.com
Two Gateway Center, 6th Floor
603 Stanwix Street
Pittsburgh, PA 15222
(412) 394-5649 – Phone
jcorbelli@babstcalland.com
*Counsel for Defendants*

**IT IS SO ORDERED that the foregoing Agreement is approved.**

Dated:

_____
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID HICE, JOSEPH MOORE and CHRISTINA BARLOW, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EQT CORPORATION, a Pennsylvania corporation, EQT PRODUCTION COMPANY, a Pennsylvania corporation, and BEUSA HOLDINGS, INC., a Delaware corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 2:24-cv-896-WSH |

## CONFIDENTIALITY AGREEMENT FOR EXPERTS, CONSULTANTS, OR EMPLOYEES OF ANY PARTY

I hereby affirm that:

Information, including documents and things, designated as "Protected Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Protected Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Protected Information in a secure manner, and that all such documents and materials are to remain in my

personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Protected Information are to be destroyed or returned to counsel who provided me with such documents and materials.

NAME: _____

DATE: _____

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID HICE, JOSEPH MOORE and CHRISTINA BARLOW, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 2:24-cv-896-WSH |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| EQT CORPORATION, a Pennsylvania corporation, EQT PRODUCTION COMPANY, a Pennsylvania corporation, and BEUSA HOLDINGS, INC., a Delaware corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

Information, including documents and things, designated as "Protected Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Protected Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court.

NAME: _____

DATE: _____